179 So. 644

## MURPHY v. STATE.

### 8 Div. 505.

Court of Appeals of Alabama.

Feb. 22, 1938.

Rehearing Denied March 8, 1938.

Murphy & Pounders, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Appeal from judgment of conviction for the offense of violating the prohibition law of the State.

The case rested in the court below upon a question of fact. The evidence was in sharp conflict. That for the State, by its two witnesses, both of whom were deputy sheriffs, tended to show that the defendant sold a quart of whisky to one Turner Sadler, at her home, and that they heard the conversation between Sadler and appellant about buying the whisky, and saw her go from her home some short distance up a hollow and pour the quart of whisky from a jug into a fruit jar and return with it to her house, and saw her deliver the whisky to Sadler. The jar and contents were introduced in evidence upon the trial. The evidence for the defendant, consisting of her own and that of her brother, who testified he was present, and

also the testimony of Sadler, flatly denied everything testified to by the witnesses for the State. The evidence, thus being in sharp and direct conflict, made a jury question and rendered inapt the affirmative charge requested by the defendant.

In denying and overruling the motion for a new trial the trial court said:

"The parties appeared by attorney on this March 16th, 1937 and argument was had on the motion for a new trial. The State's evidence tended to show that the defendant was seen by the officers pouring intoxicating liquor out of a container and some further evidence was had with reference to a sale made by the defendant. The defendant merely denies this and the Court feels that there was ample evidence to make a jury question. The general charge for the defendant was therefore refused without error.

"It is therefore ordered, adjudged and decreed that the motion of the defendant, to set aside the judgment of the Court and grant a new trial be and the same is hereby overruled and the defendant reserves an exception to the ruling of the Court.

"Dated this March 16th, 1937, Robert M. Hill, Judge."

The several exceptions to the court's rulings pending the trial are admittedly (by appellant's counsel) without merit. But it is earnestly insisted that a reversal of the judgment be had because of the adverse ruling of the court on the motion for a new trial. In this connection we are requested to hold, in effect, that the testimony offered by the State is untrue, and not worthy of belief, because of the alleged discrepancies, inconsistencies, contradictions, and its unreasonableness etc. This court is without authority so to do. We are not authorized to substitute ourselves for the jury and for the trial judge in passing upon the question of the weight of the testimony of witnesses and its probative force. Here, the testimony for the State made out the case charged against the accused in every detail. As stated, the force and effect of this testimony was for the jury to determine. We are of the opinion that the statement of the trial judge in making his order overruling defendant's motion for a new trial was ample to sustain the court in the order made and entered. We therefore cannot put the court to error for this ruling as we are so earnestly requested.

No error appearing, and the record proper being in all things regular, the judgment of the lower court from which this appeal was taken will stand affirmed.

Affirmed.